# EXHIBIT A

# THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI

LEANNE TRIMBLE,

                 *Plaintiff*,

v.

              Case No. 4:21-mc-09182-NKL

DST SYSTEMS, INC.,

               *Defendant.*

# DEFENDANT DST SYSTEMS, INC.'S SUGGESTIONS IN SUPPORT OF
# ITS MOTION TO DISMISS, TRANSFER, STAY, OR VACATE AND IN OPPOSITION
# TO PLAINTIFF'S MOTION TO CONFIRM ARBITRATION AWARD

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................. 1

PROCEDURAL HISTORY.................................................................................... 4

ARGUMENT ....................................................................................................... 7

    I.    This Court Should Decline to Interfere with the *Ferguson* Class Action.............. 7

        A.    The *Ferguson* Court Already Resolved That It Has Jurisdiction over Plaintiff ............................................................................................ 10

        B.    Plaintiff's Other Arguments Also Were Considered and Properly Rejected.......................................................................................... 11

        C.    The Court Should Transfer This Action to the Southern District of New York ........................................................................................ 15

        D.    This Court Has Authority to Stay This Action Pending the Outcome of the *Ferguson* Mandatory Class Action ................................................. 16

    II.    The Award Should Be Vacated Because ERISA § 502(a) Claims Cannot Be Brought in Individual Arbitrations.................................................... 17

    III.    The Award Also Should Be Vacated Because It Was Based on an Inaccurate Representation........................................................................ 20

CONCLUSION ..................................................................................................... 21

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re ADC Telecomms. ERISA Litig.*,
    2005 WL 2250782 (D. Minn. Sept. 15, 2005) ........................................................................13

*Arnulfo P. Sulit, Inc.* v. *Dean Witter Reynolds, Inc.*,
    847 F.2d 475 (1988) ................................................................................................................19

*BancorpSouth Bank* v. *Hazelwood Logistics Ctr., LLC*,
    706 F.3d 888 (8th Cir. 2013) ...................................................................................................16

*Baouch* v. *Werner Enters.*,
    908 F.3d 1107 (8th Cir. 2018) ...........................................................................................19, 20

*Beach* v. *JPMorgan Chase Bank, Nat'l Assoc.*,
    2019 WL 2428631 (S.D.N.Y. June 11, 2019) .........................................................................13

*Biomedical Pat. Mgmt. Corp.* v. *Cal., Dep't of Health*,
    2006 WL 1530177 (N.D. Cal. June 5, 2006) ...........................................................................20

*Bird* v. *Shearson Lehman / American Express, Inc.*,
    926 F.2d 116 (2d Cir. 1991) ....................................................................................................19

*Boley* v. *Universal Health Servs., Inc.*,
    337 F.R.D. 626 (E.D. Pa. 2021) ..............................................................................................13

*Braden* v. *Wal-Mart Stores, Inc.*,
    588 F.3d 585 (8th Cir. 2009) ...................................................................................................18

*Brown* v. *Ticor Title Ins. Co.*,
    982 F.2d 386 (9th Cir. 1992) .............................................................................................10, 12

*Burford* v. *Monsanto Co.*,
    2016 WL 3878469 (E.D. Mo. July 18, 2016) ..........................................................................17

*Christianson* v. *Colt Indus. Operating Corp.*,
    486 U.S. 800 (1988) .................................................................................................................20

*In re Citigroup Pension Plan ERISA Litig.*,
    241 F.R.D. 172 (S.D.N.Y. 2006) ...............................................................................................7

*Clark* v. *Duke Univ.*,
    2018 WL 1801946 (M.D.N.C. Apr. 13, 2018) ........................................................................13

Case 4:21-cv-00982-NKL   Document 861   Filed 11/16/21   Page 4 of 30

*Coan* v. *Kaufman*,
    457 F.3d 250 (2d Cir. 2006)..................................................................14

*Colesberry* v. *Ruiz Food Prods., Inc.*,
    2006 WL 1875444 (E.D. Cal. June 30, 2006) ....................................12, 13

*Cont'l Grain Co.* v. *Barge FBL-585*,
    364 U.S. 19 (1960)...........................................................................16

*Cooper* v. *Ruane Cunniff & Goldfarb Inc.*,
    990 F.3d 173 (2d Cir. 2021)............................................................5, 18

*Cortez Byrd Chips, Inc.* v. *Bill Harbert Const. Co.*,
    529 U.S. 193 (2000)..........................................................................15

*Cunningham* v. *Cornell Univ.*,
    2019 WL 275827 (S.D.N.Y. Jan. 22, 2019) .........................................13

*De Beers Centenary AG* v. *Hasson*,
    751 F. Supp. 2d 1297 (S.D. Fla. 2010) ...............................................19

*Dorman* v. *Charles Schwab Corp.*,
    780 F. App'x 510 (9th Cir. 2019) .......................................................19

*Douglin* v. *GreatBanc Tr. Co.*,
    115 F. Supp. 3d 404 (S.D.N.Y. 2015)..................................................13

*DuCharme* v. *DST Systems, Inc.*,
    2017 WL 7795123 (W.D. Mo. June 23, 2017) ......................................14

*Evans* v. *J.P. Morgan Chase Bank, N.A.*,
    2014 WL 12600285 (W.D. Mo. Feb. 12, 2014) ....................................16

*In re Fed. Skywalk Cases*,
    680 F.2d 1175 (8th Cir. 1982) ........................................................3, 9

*Ferguson* v. *Ruane Cuniff & Goldfarb Inc.*
    2021 WL 3667979 (S.D.N.Y. Aug. 17, 2021) ............................... *passim*

*Gamache* v. *Hogue*,
    338 F.R.D. 275 (M.D. Ga. 2021) .......................................................13

*In re Glob. Crossing Sec. & ERISA Litig.*,
    225 F.R.D. 436 (S.D.N.Y. 2004) .......................................................13

*Harris* v. *Koenig*,
    271 F.R.D. 383 (D.D.C. 2010)...........................................................13

Case 4:21-cv-00982-NKL Document 61 Filed 11/16/21 Page 4 of 30

*Hecht* v. *United Collection Bureau, Inc.*,
    691 F.3d 218 (2d Cir. 2021) ...................................................................................12

*Hoban* v. *FDA*,
    2018 WL 3122341 (D. Minn. June 26, 2018) ........................................................16

*Holmes* v. *Trustmark Nat'l Bank*,
    1996 WL 904513 (S.D. Miss. Jan. 11, 1996) ..........................................................9

*Hurtado* v. *Rainbow Disposal Co.*,
    2019 WL 1771797 (C.D. Cal. Apr. 22, 2019) .......................................................13

*Hynes Aviation Indus., Inc.* v. *Sacramento E.D.M., Inc.*,
    2013 WL 12198837 (W.D. Mo. Aug. 1, 2013) ......................................................16

*Ins. Corp. of Ir., Ltd.* v. *Compagnie des Bauxites de Guinee*,
    456 U.S. 694 (1982) ...............................................................................................10

*Int'l Brotherhood of Elec. Workers, Loc. Union No. 545* v. *Hope Elec. Corp.*,
    380 F.3d 1084 (8th Cir. 2004) ...............................................................................19

*Iowa Elec. Light & Power Co.* v. *Loc. Union 204 of Int'l Brotherhood of Elec.*
    *Workers (AFL-CIO)*,
    834 F.2d 1424 (8th Cir. 1987) ...............................................................................19

*Jander* v. *Ret. Plans Comm. of IBM*,
    2021 WL 3115709 (S.D.N.Y. July 22, 2021) ........................................................13

*In re Joint E. & S. Dist. Asbestos Litig.*,
    134 F.R.D. 32 (E.D.N.Y. 1990) ...............................................................................9

*Jones* v. *NovaStar Fin., Inc.*,
    257 F.R.D. 181 (W.D. Mo. 2009) .................................................................. *passim*

*Kanawi* v. *Bechtel Corp.*,
    254 F.R.D. 102 (N.D. Cal. 2008) ...........................................................................13

*Kerotest Mfg. Co.* v. *C-O-Two Fire Equip. Co.*,
    189 F.2d 31 (3d Cir. 1951) .......................................................................................8

*Kindle* v. *Dejana*,
    315 F.R.D. 7 (E.D.N.Y. 2016) ...............................................................................13

*Krueger* v. *Ameriprise Fin., Inc.*,
    304 F.R.D. 559 (D. Minn. 2014) ...........................................................................13

*LaRue* v. *DeWolff, Boberg & Assocs., Inc.*,
    552 U.S. 248 (2008) ...............................................................................................18

*Leber* v. *Citigroup 401(k) Plan Inv. Comm.*,
    323 F.R.D. 145 (S.D.N.Y. 2017) .......................................................................13

*In re Marsh ERISA Litig.*,
    265 F.R.D. 128 (S.D.N.Y. 2010) .......................................................................13

*In re Merck & Co. Sec., Derivative & ERISA Litig.*,
    2009 WL 331426 (D.N.J. Feb. 10, 2009) ...........................................................13

*In re Mex. Money Transfer Litig.*,
    267 F.3d 743 (7th Cir. 2001) .............................................................................11

*MidAmerican Energy Co.* v. *Int'l Brotherhood of Elec. Workers Loc. 499*,
    345 F.3d 616 (8th Cir. 2003) .............................................................................20

*Miller* v. *Metro. Life Ins. Co.*,
    2018 WL 5993477 (S.D.N.Y. Nov. 15, 2018) ...................................................14

*Monsanto Tech. LLC* v. *Syngenta Crop Prot., Inc.*,
    212 F. Supp. 2d 1101 (E.D. Mo. 2002) ...............................................................8

*Moreno* v. *Deutsche Bank Ams. Holding Corp.*,
    2017 WL 3868803 (S.D.N.Y. Sept. 5, 2017) ....................................................13

*Munro* v. *Univ. of S. Cal.*,
    2019 WL 7842551 (C.D. Cal. Dec. 20, 2019) ...................................................13

*Mussat* v. *IQVIA, Inc.*,
    953 F.3d 441 (7th Cir. 2020) .............................................................................11

*Mycka* v. *Celotex Corp.*,
    1988 WL 80042 (D.D.C. July 18, 1988) ..............................................................9

*Neil* v. *Zell*,
    275 F.R.D. 256 (N.D. Ill. 2011) ........................................................................13

*Nw. Airlines, Inc.* v. *Am. Airlines, Inc.*,
    989 F.2d 1002 (8th Cir. 1993) .............................................................................8

*Ostrander* v. *DST Sys., Inc.*,
    2018 WL 10799300 (W.D. Mo. Feb. 2, 2018) .....................................................8

*Perficient, Inc.* v. *Priore*,
    2016 WL 866090 (E.D. Mo. Mar. 7, 2016) .......................................................16

*Phillips Petroleum Co.* v. *Shutts*,
    472 U.S. 797 (1985).............................................................................................12

*Powell* v. *Ocwen Fin. Corp.*,
    2019 WL 1227939 (S.D.N.Y. Mar. 15, 2019) ........................................................11

*Ramirez* v. *J.C. Penney Corp.*,
    2017 WL 6462355 (E.D. Tex. Nov. 30, 2017) ....................................................13

*In re Real Est. Title & Settlement Servs. Antitrust Litig.*,
    869 F.2d 760 (3d Cir. 1989)..................................................................11, 12

*Ritchie Cap. Mgmt., L.L.C.* v. *Jeffries*,
    849 F. Supp. 2d 881 (D. Minn. 2012)....................................................10

*Rozo* v. *Principal Life Ins. Co.*,
    2017 WL 2292834 (S.D. Iowa May 12, 2017) ....................................13

*Sacerdote* v. *N.Y. Univ.*,
    2018 WL 840364 (S.D.N.Y. Feb. 13, 2018)........................................13

*Sierra Club* v. *U.S. Army Corps of Eng'rs*,
    446 F.3d 808 (8th Cir. 2006) ................................................................17

*Solvay Pharms., Inc.* v. *Duramed Pharms., Inc.*,
    442 F.3d 471 (6th Cir. 2006) ................................................................19

*Sweda* v. *Univ. of Pa.*,
    2021 WL 2665722 (E.D. Pa. June 29, 2021) ....................................13

*Taylor* v. *ANB Bancshares, Inc.*,
    2010 WL 4627841 (W.D. Ark. Oct. 18, 2010) ..................................13

*Teets* v. *Great-W. Life & Annuity Ins. Co.*,
    315 F.R.D. 362 (D. Colo. 2016) ..........................................................13

*Thompson* v. *Rally House of Kansas City, Inc.*,
    2016 WL 9023433 (W.D. Mo. Jan. 25, 2016) ..................................17

*Tussey* v. *ABB, Inc.*,
    2007 WL 4289694 (W.D. Mo. Dec. 3, 2007) ....................................13

*United States* v. *Timmons*,
    672 F.2d 1373 (11th Cir. 1982) ..........................................................11

*U.S. Ship Mgmt., Inc.* v. *Maersk Line, Ltd.*,
    357 F. Supp. 2d 924 (E.D. Va. 2005) ................................................16

*Urakhchin* v. *Allianz Asset Mgmt. of Am., L.P.*,
    2017 WL 2655678 (C.D. Cal. June 15, 2017) ..................................13

*Waldron* v. *Raymark Indus., Inc.*,
    124 F.R.D. 235 (N.D. Ga. 1989) ................................................................................12

*Wildman* v. *Am. Century Servs., LLC*,
    2017 WL 6045487 (W.D. Mo. Dec. 6, 2017) ...........................................................13

*Woodworth* v. *Tyson Foods, Inc.*,
    2007 WL 9717848 (W.D. Mo. May 10, 2007) .........................................................17

**Statutes**

9 U.S.C. § 10(a) ...........................................................................................................19, 20

28 U.S.C. § 1391(b)(2) .......................................................................................................16

28 U.S.C. § 1404(a) ............................................................................................................15

29 U.S.C. § 1109(a) .........................................................................................................4, 18

29 U.S.C. § 1132 ....................................................................................................... *passim*

**Other Authorities**

Fed. R. Civ. P. 23 ....................................................................................................... *passim*

William B. Rubenstein, 6 Newberg on Class Actions § 18:39 (5th ed., June 2021
    Update) ......................................................................................................................10

## PRELIMINARY STATEMENT

DST acknowledges this Court's ruling in *Hursh* v. *DST Systems, Inc.*, No. 4:21-mc-09017, (W.D. Mo.) ECF No. 19. DST respectfully disagrees with that ruling, maintains its previous arguments, and submits this opposition to Plaintiff's motion to preserve its arguments for appeal.

Plaintiff's motion to confirm strikes at the heart of the issues before the *Ferguson* court in the Southern District of New York and seeks to relitigate arguments carefully considered and clearly rejected by that court, which are now the subject of Plaintiff's pending Rule 23(f) petition in the Second Circuit. DST respectfully submits that this Court should decline to address in the context of a single class member the issues presented by Plaintiff's motion. This action should be dismissed or transferred to the Southern District of New York, or stayed pending resolution of the *Ferguson* class action.

Plaintiff is one of more than 9,000 members of a mandatory class certified under Rule 23(b)(1) in *Ferguson* v. *Ruane Cuniff & Goldfarb Inc.*, 2021 WL 3667979 (S.D.N.Y. Aug. 17, 2021). Admitting that her motion is a collateral attack on the class certification decision, Plaintiff criticizes the *Ferguson* court for having "ignored" and failed to "engage with . . . fundamental issues," ECF No. 1 at 5–7 n.3, and asks this Court to issue an inconsistent ruling—on a piecemeal basis involving a single class member—for the apparent purpose of undermining the decision of another federal court and interfering with the class proceedings.

Every argument Plaintiff makes here was presented by Plaintiff to the *Ferguson* court. Plaintiff (and the other Arbitration Claimants) vigorously opposed class certification in more than a dozen written submissions and at oral argument. The *Ferguson* court rejected these arguments, finding that the claims asserted by Plaintiff in arbitration are to proceed as part of a mandatory class action in the Southern District of New York and that Arbitration Claimants, including Plaintiff, should not be permitted to opt out to prosecute arbitration claims. The court also held

that Plaintiff's claims are not arbitrable because they fall outside DST's Arbitration Agreement and because the individual arbitration of these claims runs afoul of basic ERISA principles. *Id.* at *3–7. The central ruling Plaintiff seeks—that her arbitration award is proper and confirmable—is directly inconsistent with the result reached in *Ferguson* after Plaintiff's full participation.

Plaintiff's motion thus is a collateral attack on the decision of another federal court in which Plaintiff appeared, litigated the key issues on which she now invites this Court to reach a contrary result, and lost. Not only is such a collateral attack squarely impermissible, the resolution in this Court of Plaintiff's motion would fundamentally undermine the Southern District of New York's rulings and its management of these ongoing class proceedings.

A basic reason why courts routinely certify mandatory classes in ERISA fiduciary duty actions is to avoid the inconsistent judgments that Plaintiff seeks to generate here and to ensure that all parties and plan participants are treated equitably in resolving derivative claims that belong to the plan, not any individual plan participant. Piecemeal adjudication of individual arbitration awards would fundamentally undermine the class proceedings. It risks injecting contrary judgments into the class proceedings. It risks prejudicing the parties and other class members. Indeed, a ruling that the arbitration awards are binding and confirmable may work against the interests of many of Plaintiff's counsel's own clients—dozens of whom have lost outright in arbitration and may take nothing if their awards are enforced. The consequences to other class members and parties of the relief sought by Plaintiff are powerful reasons why the issues presented should not be addressed here—in isolation and without participation by the class court and class counsel. Nor is there any need to resolve these issues in this Court. Plaintiff is a member of the class and, as the *Ferguson* court found, her interests are and will be represented in that proceeding.

In fact, the class certification order itself has the effect of enjoining Plaintiff from pursuing

litigation relating to, or seeking to resolve, the class's claims. The Eighth Circuit has held that a class certification order, like the one in *Ferguson*, inherently enjoins parallel actions such as this one, and that members of "a mandatory class are not free to initiate actions in other courts to litigate class certified issues." *In re Fed. Skywalk Cases*, 680 F.2d 1175, 1180 (8th Cir. 1982).

Declining to rule on issues before the class court in the Southern District of New York is particularly appropriate here, where Plaintiff has litigated and continues to litigate in that forum. The *Ferguson* court has ordered Plaintiff and other Arbitration Claimants to show cause as to why they should not be enjoined from prosecuting this and other litigation involving the class's claims. Plaintiff likewise has sought a discretionary appeal to the Second Circuit of the class certification decision. In fact, this Court only recently dismissed in favor of *Ferguson* another action involving the same claims brought by opt outs from the arbitration program, finding that plaintiffs' arguments about the adequacy of representation in *Ferguson* are not appropriately addressed in this District, and should be directed to the Southern District of New York.

Plaintiff seeks to evade the class court's oversight by arguing that DST previously sought to compel arbitration in a 2017 case in this District involving a different Plan participant. Plaintiff's position is meritless, and the *Ferguson* court already rejected similar arguments. The parties and this Court are confronted with new law, new facts, and new procedural circumstances. The *Ferguson* court's class certification order, which was procured by the *Ferguson* plaintiffs (not DST) and follows clear Second Circuit precedent from a case in which DST was not a party, should be given effect. There is no argument that DST is estopped from urging that these claims appropriately belong before the class court.

While the Court should reject Plaintiff's invitation to interfere with class proceedings, should this Court be inclined to evaluate Plaintiff's motion on the merits, the arbitration award

should be vacated. Courts nationwide, including the Southern District of New York and this Court, have recognized repeatedly that ERISA fiduciary duty claims cannot be litigated on an individual basis and must instead be brought in a representative capacity on behalf of a plan and all its participants. The arbitration of the individual claims here violated those basic ERISA principles.

Finally, the award should be vacated on the additional ground that Plaintiff seeks to recover identical costs and expenses multiple times, contrary to representations made by Plaintiff's counsel to the arbitrator, on which the award was based. In each of hundreds of arbitrations involving these claims, Plaintiff's counsel have requested the same costs and expenses again and again from different arbitrators. In doing so, Plaintiff's counsel represented that they would not seek to recover the same costs and expenses more than once—even if awarded the same amounts by multiple arbitrators. Yet Plaintiff's motion now seeks a judgment that includes costs and expenses Plaintiff's counsel already have recovered or seek to recover in other confirmation actions.

## PROCEDURAL HISTORY

In September 2017, the *Ferguson* plaintiffs brought claims under ERISA §§ 502(a)(2) and 409(a), alleging that DST breached its fiduciary duties in connection with an investment in Valeant Pharmaceuticals made by Ruane, Cunniff & Goldfarb, the experienced investment manager DST appointed to manage the assets of the DST Systems, Inc. 401(k) Profit Sharing Plan (the "Plan"). *Ferguson*, No. 17-cv-6685, ECF No. 1. The *Ferguson* action was filed on a representative basis, seeking to recover on behalf of the entire Plan, including Plaintiff. Plaintiff is attempting to pursue arbitration claims substantively identical to those asserted in *Ferguson*. There is no dispute that *Ferguson* is the first-filed case. The first arbitration demand was sent to DST in April 2018.

The *Ferguson* plaintiffs filed a motion for class certification in April 2020. *Ferguson*, ECF No. 126. Plaintiff's counsel filed a brief opposing the motion on behalf of Plaintiff and hundreds of other similarly situated arbitration claimants. *Ferguson*, ECF No. 182. The *Ferguson* court

heard oral argument by Plaintiff's counsel on August 13, 2020.

While the motion was pending, on March 4, 2021, the Second Circuit reversed a district court decision compelling arbitration pursuant to DST's Arbitration Agreement. That case—in which DST was not a party—involved claims identical to those here and was filed prior to the *DuCharme* action filed by Plaintiff's counsel in the Western District of Missouri. The Second Circuit held that ERISA fiduciary duty claims are not covered by DST's Arbitration Agreement. *Cooper* v. *Ruane Cunniff & Goldfarb Inc.*, 990 F.3d 173, 183–84 (2d Cir. 2021). The Second Circuit also reaffirmed that ERISA fiduciary duty claims may not be prosecuted on an individual basis because they are "representative" in nature and must be brought on behalf of a retirement plan as a whole and all its participants. *Id.* at 184–85. Accordingly, plan participants pursuing representative actions on behalf of a plan must employ "procedural safeguards" that "are meant to ensure that any 'recovery inures to the benefit of the plan as a whole,'" not to individual participants. *Id.* at 184 (quoting *Coan* v. *Kaufman*, 457 F.3d 250, 261 (2d Cir. 2006)). The Second Circuit also recognized that courts should "decline to enforce" arbitration awards procured, as here, on an individual basis in violation of these basic ERISA principles. *Id.*

On March 8, 2021, the *Ferguson* court denied plaintiffs' class certification motion without prejudice and ordered additional briefing addressing *Cooper*. *Ferguson*, ECF No. 296. On April 5, 2021, the *Ferguson* plaintiffs renewed their motion. *Ferguson*, ECF Nos. 300–01. DST filed a brief supporting that motion. *Ferguson*, ECF No. 306. Plaintiff's counsel filed an additional brief opposing certification. *Ferguson*, ECF No. 304. Plaintiff's counsel made each of the arguments before the *Ferguson* court that they now make to this Court, relying on the same cases:

- That Plaintiff should be permitted to opt out of any class, Ex. A at 17–18;

- That Plaintiff had a right to arbitrate her claims notwithstanding *Cooper*, Ex. A at 3–9;

- That DST had agreed to arbitrate, Ex. A at 9–11;

- That Western District of Missouri decisions precluded certification of a mandatory class, Ex. A at 14; and

- That the Southern District of New York lacked personal jurisdiction over Plaintiff, Ex. B at 20–21.

On August 17, the *Ferguson* court, after considering and rejecting Arbitration Claimants' arguments, certified a Rule 23(b)(1) mandatory class. The Class includes Plaintiff. 2021 WL 3667979, at *4, *7. The court recognized that the "derivative nature of ERISA § 502(a)(2) claims"—which must be pursued in a representative capacity on behalf of the plan—"makes them paradigmatic examples of claims appropriate for certification as a Rule 23(b)(1) class." *Id.* at *7 (citation omitted). The court also held that Plaintiff's claims are not arbitrable: "While the Arbitration Claimants argue that they have a right to arbitrate, the Second Circuit as well as this Court has found that the claims at issue here are not covered by the arbitration agreement." *Id.* Further, the court rejected Arbitration Claimants' arguments that they should be permitted to opt out. *Id.* The court explained that "[a]llowing multiple actions, each of which would seek similar or the same relief from Defendants on behalf of the Plan, would potentially prejudice individual class members and would threaten to create 'incompatible standards of conduct' for the Defendants. These are issues that Rule 23(b)(1) seeks to avoid." *Id.*

Beginning three days after the *Ferguson* court's decision, Arbitration Claimants started filing dozens of motions, including this one, inviting this Court to reach a contrary result. On August 30, 2021, Plaintiff and the other Arbitration Claimants filed a Rule 23(f) petition with the Second Circuit seeking discretionary review of the class certification order. The *Ferguson* plaintiffs and DST opposed that petition. On August 23, 2021, DST moved the *Ferguson* court for a temporary restraining order and preliminary injunction to prohibit Arbitration Claimants from pursuing the arbitrations and related court proceedings in violation of the class certification order. *Ferguson*, ECF Nos. 312–14, 316. Arbitration Claimants opposed that motion. *Ferguson*, ECF

Nos. 315, 317. On August 31, 2021, the *Ferguson* court denied the TRO and ordered Arbitration Claimants to show cause as to why they should not be enjoined from prosecuting actions relating to the class's claims. The motion was fully briefed on October 12, 2021. *Ferguson*, ECF No. 324.

## ARGUMENT

### I.  This Court Should Decline to Interfere with the *Ferguson* Class Action

Plaintiff is a member of the class certified by the *Ferguson* court, and her claims are subject to that court's jurisdiction and oversight. The relief sought by Plaintiff requires that this Court reach judgments contrary to those reached by the Southern District of New York after the issues were vigorously litigated by Arbitration Claimants. This Court should decline Plaintiff's invitation to interfere with the *Ferguson* court's jurisdiction and should instead dismiss this action as an improper collateral attack in favor of *Ferguson*. As discussed below, if this case is not dismissed, this Court has the authority to and should transfer this action to the Southern District of New York to permit that court to address these fundamental issues that go to the heart of its management of the class proceedings, or stay this action pending resolution of *Ferguson*.

Indeed, one of the primary reasons that courts certify mandatory classes in ERISA fiduciary duty suits—where fiduciaries owe duties to the plan and any recovery inures to the plan as a whole—is to prevent "inconsistent conclusions concerning liability, remedies, and Defendants' standards of conduct." *Jones* v. *NovaStar Fin., Inc.*, 257 F.R.D. 181, 189–90, 194 (W.D. Mo. 2009); *Ferguson*, 2021 WL 3667979, at *4, *7. Avoiding this risk is particularly important in the ERISA context, where there is "a statutory obligation, as well as a fiduciary responsibility, 'to treat the members of the class alike.'" *In re Citigroup Pension Plan ERISA Litig.*, 241 F.R.D. 172, 179–80 (S.D.N.Y. 2006) (citation omitted).

For similar reasons, courts routinely dismiss or transfer later-filed actions in favor of first-filed class actions that subsume the later-filed claims. In dismissing another action involving these

same claims brought by Plaintiff's counsel on behalf of Plan participants who had opted out of the arbitration program, this Court explained that "[t]he first-filed rule is intended to 'conserve judicial resources and avoid conflicting rulings.'" *Ostrander* v. *DST Sys., Inc.*, 2018 WL 10799300, at *2–3 (W.D. Mo. Feb. 2, 2018) (citation omitted).[1]  Just weeks ago, this Court dismissed yet another action brought by Plaintiff's counsel in favor of *Ferguson*.  Ex. C.  In doing so, this Court rejected many of the same arguments made by Plaintiff here.  In particular, the *Ostrander* plaintiffs unsuccessfully argued to Judge Wimes—who presided over and dismissed *DuCharme*—that DST had changed its position from that case.  *See* Ex. D at 8–9.  Judge Wimes concluded that the *Ferguson* court is the appropriate forum for plaintiffs' arguments, holding that "Plaintiff's concerns that her interests are not aligned with or represented by the plaintiffs in *Ferguson* would be more appropriately raised before the *Ferguson* court."  Ex. C at 4.

Contrary to these well-settled principles, Plaintiff invites this Court to reach conclusions on material issues contrary to those reached in *Ferguson*.  But the issues and claims raised by one Rule 23(b)(1) class member should not be decided in isolation and without consideration of all parties' and class members' interests.  *See Kerotest Mfg. Co.* v. *C-O-Two Fire Equip. Co.*, 189 F.2d 31, 34 (3d Cir. 1951), *aff'd*, 342 U.S. 180 (1952).  The inconsistent results achieved by Arbitration Claimants amply illustrate why these issues should not be resolved piecemeal.  Dozens of Arbitration Claimants have lost after merits hearings and stand to recover nothing, while many others have recovered less than half of the damages sought.  Ex. E ¶¶ 10–12.  Plaintiff's motion presents issues that affect other class members in various situations, and should be addressed by

---

[1]   *See also Nw. Airlines, Inc.* v. *Am. Airlines, Inc.*, 989 F.2d 1002, 1006 (8th Cir. 1993) ("To conserve judicial resources and avoid conflicting rulings, the first-filed rule gives priority, for purposes of choosing among possible venues when parallel litigation has been instituted in separate courts, to the party who first establishes jurisdiction."); *Monsanto Tech. LLC* v. *Syngenta Crop Prot., Inc.*, 212 F. Supp. 2d 1101, 1103–04 (E.D. Mo. 2002) (transferring case under first-filed rule where there was "a serious danger of the two district courts making inconsistent determinations on material issues" and a "serious risk of inconsistent and contrary rulings").

the class court, which is best positioned to consider, and has considered, these issues holistically.

In fact, Plaintiff's filing and prosecution of this case runs afoul of clear Eighth Circuit precedent. The effect of a mandatory class certification order is to supersede and suspend other proceedings by class members.[2] The Eighth Circuit has held that a class certification order inherently has the effect of enjoining parallel actions. *In re Fed. Skywalk*, 680 F.2d at 1180. In doing so, the Eighth Circuit rejected the argument that a class certification order does not enjoin parallel litigation "because it does not use injunction terminology," *id.*—the same incorrect argument Plaintiff makes here, *see* ECF No. 1 at 7 n.3. The Eighth Circuit also recognized that "parties to a mandatory class are not free to initiate actions in other courts to litigate class certified issues." *In re Fed. Skywalk*, 680 F.2d at 1180. The parallel litigation of these issues is particularly inappropriate because Plaintiff already has litigated and continues to litigate these same issues in the Southern District of New York. The *Ferguson* court is currently considering whether to issue an injunction prohibiting Plaintiff and other Arbitration Claimants from prosecuting this and other actions that are inconsistent with its class certification order. And Plaintiff has sought discretionary appellate review in the Second Circuit of the *Ferguson* class certification order.

It is black-letter law that a litigant may not bring a collateral attack in another court that seeks to reverse the findings of a first court in which she appeared and litigated:

> All courts hold that if a litigant appears at the fairness hearing and raises objections that are heard and rejected by the class action court, that specific litigant does not get to re-litigate these objections (or perhaps any) via a collateral attack. She is issue precluded by virtue of her participation in the prior litigation.

---

[2] *See, e.g.*, *In re Joint E. & S. Dist. Asbestos Litig.*, 134 F.R.D. 32, 36 (E.D.N.Y. 1990) ("Conditional certification of a national mandatory class action pursuant to Rule 23(b)(1)(B) . . . will supersede all litigation . . . pending in federal and state forums."); *Holmes* v. *Trustmark Nat'l Bank*, 1996 WL 904513, at *3 (S.D. Miss. Jan. 11, 1996) ("[T]he effect of the Rule 23(b)(1) certification order is to enjoin pending parallel [] actions, whether in federal or state forums," in order to "achieve the purposes underlying certification pursuant to Rule 23(b)(1).") (alterations omitted); *Mycka* v. *Celotex Corp.*, 1988 WL 80042, at *4 (D.D.C. July 18, 1988) ("The act of certifying a mandatory class under Fed. R. Civ. P. 23 effectively stays all personal injury actions presently pending against [defendant] throughout the United States and its territories, as well as the filing of any future claims.").

William B. Rubenstein, 6 Newberg on Class Actions § 18:39 (5th ed., June 2021 Update) (collecting cases). A litigant who, as here, has actually litigated and lost, including on jurisdictional questions, may not seek a rehearing on the same issues from a different federal court. *See Ins. Corp. of Ir., Ltd.* v. *Compagnie des Bauxites de Guinee*, 456 U.S. 694, 706 (1982) ("By submitting to the jurisdiction of the court for the limited purpose of challenging jurisdiction, the defendant agrees to abide by that court's determination on the issue of jurisdiction: that decision will be res judicata on that issue in any further proceedings."). Plaintiff is not permitted to "seek[] to obtain a more favorable ruling on the same issues in a different forum." *Ritchie Cap. Mgmt., L.L.C.* v. *Jeffries*, 849 F. Supp. 2d 881, 891–92 (D. Minn. 2012) (dismissing action "filed for reactive or tactical purposes" where plaintiff was "not having much luck" in first forum).[3]

In any event, the Southern District of New York considered and correctly rejected each of the arguments made by Plaintiff in an effort to obtain a contrary result from this Court.

## A. The *Ferguson* Court Already Resolved That It Has Jurisdiction over Plaintiff

Plaintiff argues that she is not bound by the class certification order because the Southern District of New York lacks personal jurisdiction over her. ECF No. 1 at 6–7 n.3. But Plaintiff litigated personal jurisdiction before the *Ferguson* court and lost. The *Ferguson* court's determination is conclusive. *United States* v. *Timmons*, 672 F.2d 1373, 1378 (11th Cir. 1982) ("If a party puts the issue of personal jurisdiction before a court, which then finds that jurisdiction was

---

[3] *Brown* v. *Ticor Title Insurance Co.*, 982 F.2d 386 (9th Cir. 1992), lends no support to Plaintiff's position that she may go from federal court to federal court seeking a different outcome on issues she unsuccessfully litigated. *Brown* merely indicates that in some circumstances a class member who did not appear to oppose class certification may challenge a final class judgment on the ground that she was not adequately represented in the class action. *Id.* at 390–91. But *Brown* makes clear that courts "will not second-guess a prior decision that counsel adequately represented a class." *Id.* at 390. Here, Plaintiff in fact appeared and vigorously litigated adequate representation, Ex. A at 16–23, and the *Ferguson* court expressly decided that all of the Arbitration Claimants would be adequately represented by the class representatives. 2021 WL 3667979, at *6–7. Plaintiff thus has no basis to collaterally attack the decision. *Brown* also permitted absent class members to opt out of a class action that foreclosed them from pursuing "substantial damage claims." 982 F.2d at 392. As discussed below, Plaintiff has no such individual claims because any damages resulting from ERISA fiduciary breaches belong to the Plan.

properly established, that decision is conclusive unless reversed on direct appeal.") (citations omitted). Nor is there any doubt that the Southern District of New York retains jurisdiction over the certified class, including Plaintiff. *See, e.g.*, *Mussat* v. *IQVIA, Inc.*, 953 F.3d 441, 445 (7th Cir. 2020) ("Once certified, the class as a whole is the litigating entity, and its affiliation with a forum depends only on the named plaintiffs.") (citation omitted).

The *Ferguson* court also has jurisdiction over Arbitration Claimants for the independent reason that ERISA provides for nationwide service of process, which establishes personal jurisdiction over parties like Plaintiff who have minimum contacts with the United States as a whole. 29 U.S.C. § 1132(e)(2); *Powell* v. *Ocwen Fin. Corp.*, 2019 WL 1227939, at *7 (S.D.N.Y. Mar. 15, 2019); *see also in re Mex. Money Transfer Litig.*, 267 F.3d 743, 746 (7th Cir. 2001) (in RICO class action, holding that "[i]f both the [class] representatives and defendants are satisfied with venue" then "individual class members have no complaint" because RICO provides for nationwide service of process and a district court "exercises the judicial power of the nation").

And, as Plaintiff's own authority makes clear, she consented to the *Ferguson* court's jurisdiction by litigating the adequacy of representation issue before it. Ex. A at 12, 16–19; Ex. B at 8; *In re Real Est. Title & Settlement Servs. Antitrust Litig.*, 869 F.2d 760, 771 (3d Cir. 1989) ("Of course, a party should be deemed to consent to personal jurisdiction if it actually litigates the adequacy of representation issue before the district court . . . because in such a case the party has shown a willingness to engage in extensive litigation in the forum.").

## B.     Plaintiff's Other Arguments Also Were Considered and Properly Rejected

Plaintiff's remaining arguments seeking to avoid the consequences of the *Ferguson* class certification order likewise should be rejected.

*First*, Plaintiff contends that she must be permitted to opt out of the *Ferguson* class. But the *Ferguson* court squarely rejected this assertion. 2021 WL 3667979, at *7. The cases cited by

Plaintiff in support of her argument are as inapposite as they were when Arbitration Claimants argued them before the Southern District of New York. Plaintiff relies on decisions involving individual claims for monetary damages in non-ERISA actions.[4] Here, by contrast, the Arbitration Claimants do not have individual monetary claims. An ERISA claim under "§ 502(a)(2) does not provide a remedy for individual injuries distinct from plan injuries." *Id.* at \*4 (quoting *LaRue* v. *DeWolff, Boberg & Assocs., Inc.*, 552 U.S. 248, 256 (2008)). Rather, ERISA fiduciary duty claims "seek[] monetary relief for the Plan, not the individual Plaintiffs." *Colesberry* v. *Ruiz Food Prods., Inc.*, 2006 WL 1875444, at \*5 (E.D. Cal. June 30, 2006); *see also Jones*, 257 F.R.D. at 184 n.1, 190 (recognizing that "Section 502(a)(2) provides for representative suits on behalf of a plan").[5]

"Because of ERISA's distinctive 'representative capacity' and remedial provisions," ERISA fiduciary duty claims "present[] a paradigmatic example of a [Rule 23](b)(1) class." *In re Glob. Crossing Sec. & ERISA Litig.*, 225 F.R.D. 436, 453 (S.D.N.Y. 2004) (citation omitted). Courts in this Circuit[6] and elsewhere[7] thus routinely certify ERISA classes under Rule 23(b)(1).

---

4      *See, e.g.*, *Phillips Petroleum Co.* v. *Shutts*, 472 U.S. 797, 799 (1985) (interest on delayed royalty payments); *Hecht* v. *United Collection Bureau, Inc.*, 691 F.3d 218, 223 (2d Cir. 2021) (Fair Debt Collection Practices Act damages); *Waldron* v. *Raymark Indus., Inc.*, 124 F.R.D. 235, 236 (N.D. Ga. 1989) (asbestos-related injuries); *In re Real Est. Title & Settlement Servs. Antitrust Litig.*, 869 F.2d 760, 768 (3d Cir. 1989) (antitrust damages); *Brown* v. *Ticor Title Ins. Co.*, 982 F.2d 386, 392 (9th Cir. 1992) (same).

5      Plaintiff also appears to seek an order that would require payment to Plaintiff, rather than the Plan, thereby misappropriating Plan assets. As this Court has recognized, "[i]f the Plaintiffs recover any damages on behalf of the Plan, it will be up to the Plan administrator to determine how those damages are to be distributed." *Jones*, 257 F.R.D. at 190 (citation omitted).

6      *See, e.g.*, *Wildman* v. *Am. Century Servs., LLC*, 2017 WL 6045487, at \*5–6 (W.D. Mo. Dec. 6, 2017); *Jones*, 257 F.R.D. at 192–94; *Tussey* v. *ABB, Inc.*, 2007 WL 4289694, at \*8 (W.D. Mo. Dec. 3, 2007); *Krueger* v. *Ameriprise Fin., Inc.*, 304 F.R.D. 559, 575–78 (D. Minn. 2014); *Taylor* v. *ANB Bancshares, Inc.*, 2010 WL 4627841, \*11–13 (W.D. Ark. Oct. 18, 2010), *R. & R. adopted*, 2010 WL 4627672 (W.D. Ark. Nov. 4, 2010); *In re ADC Telecomms. ERISA Litig.*, 2005 WL 2250782, at \*4–5 (D. Minn. Sept. 15, 2005).

7      *See, e.g.*, *Sacerdote* v. *N.Y. Univ.*, 2018 WL 840364, at \*6 (S.D.N.Y. Feb. 13, 2018); *Beach* v. *JPMorgan Chase Bank, Nat'l Assoc.*, 2019 WL 2428631, at \*9 (S.D.N.Y. June 11, 2019); *Moreno* v. *Deutsche Bank Ams. Holding Corp.*, 2017 WL 3868803, at \*8–10 (S.D.N.Y. Sept. 5, 2017); *Cunningham* v. *Cornell Univ.*, 2019 WL 275827, at \*7–8 (S.D.N.Y. Jan. 22, 2019); *Leber* v. *Citigroup 401(k) Plan Inv. Comm.*, 323 F.R.D. 145, 164–65 & n.17 (S.D.N.Y. 2017); *Douglin* v. *GreatBanc Tr. Co.*, 115 F. Supp. 3d 404, 411–12 (S.D.N.Y. 2015); *Jander* v. *Ret. Plans Comm. of IBM*, 2021 WL 3115709, at \*5 (S.D.N.Y. July 22, 2021); *In re Marsh ERISA Litig.*, 265 F.R.D. 128, 143–44 (S.D.N.Y. 2010); *Harris* v. *Koenig*, 271 F.R.D. 383, 394–95 (D.D.C. 2010); *Munro* v. *Univ. of S. Cal.*, 2019 WL 7842551, at \*9–10 (C.D. Cal. Dec. 20, 2019); *Sweda* v. *Univ. of Pa.*, 2021 WL 2665722, at \*4–5

*Second*, Plaintiff already argued in *Ferguson* that she has a right to individually arbitrate her claims. That court rejected the same arguments Plaintiff makes here about *Cooper*, 2021 WL 3667979, at *3–4,[8] the Plan adopting the Arbitration Agreement, *id.*,[9] and her right to arbitrate these claims, *id.* at *6–7.[10] Plaintiff's arguments are as meritless now as they were when she made them in *Ferguson*.[11] Courts nationwide, including this Court, have held that such claims cannot be litigated individually and must instead be brought in a representative capacity on behalf of a retirement plan as a whole. *See, e.g.*, *Coan*, 457 F.3d at 259; *Jones*, 257 F.R.D. at 189–91.

*Third*, Plaintiff already has unsuccessfully argued in *Ferguson* that *DuCharme* and *Parrott*, somehow preclude class certification and that DST is judicially estopped from contesting arbitrability based on positions taken in *DuCharme*. Ex. A at 14. The circumstances now are fundamentally different and involve new facts, new law, and a new procedural posture. The *Ferguson* court is the first court to have considered the question it resolved: whether these claims should proceed as a mandatory class. While Plaintiff attacks DST's prior positions, the *Ferguson*

---

(E.D. Pa. June 29, 2021); *Boley* v. *Universal Health Servs., Inc.*, 337 F.R.D. 626, 638–39 (E.D. Pa. 2021); *Neil* v. *Zell*, 275 F.R.D. 256, 268 (N.D. Ill. 2011); *Rozo* v. *Principal Life Ins. Co.*, 2017 WL 2292834, at *4–6 (S.D. Iowa May 12, 2017); *Hurtado* v. *Rainbow Disposal Co.*, 2019 WL 1771797, at *10–11 (C.D. Cal. Apr. 22, 2019); *Gamache* v. *Hogue*, 338 F.R.D. 275, 291–92 (M.D. Ga. 2021); *Ramirez* v. *J.C. Penney Corp.*, 2017 WL 6462355, at *3 (E.D. Tex. Nov. 30, 2017); *R. & R. adopted*, 2017 WL 6453012 (E.D. Tex. Dec. 18, 2017); *Teets* v. *Great-W. Life & Annuity Ins. Co.*, 315 F.R.D. 362, 373–74 (D. Colo. 2016); *Kanawi* v. *Bechtel Corp.*, 254 F.R.D. 102, 111–12 (N.D. Cal. 2008); *Clark* v. *Duke Univ.*, 2018 WL 1801946, at *9–10 (M.D.N.C. Apr. 13, 2018); *Urakhchin* v. *Allianz Asset Mgmt. of Am., L.P.*, 2017 WL 2655678, at *7–9 (C.D. Cal. June 15, 2017); *In re Merck & Co. Sec., Derivative & ERISA Litig.*, 2009 WL 331426, at *10–12 (D.N.J. Feb. 10, 2009); *Colesberry*, 2006 WL 1875444, at *5.

[8] *Compare, e.g.*, ECF No. 1 at 7 n.3, *with* Ex. A at 12.

[9] *Compare, e.g.*, ECF No. 1 at 7 n.3, *with* Ex. A at 3.

[10] *Compare, e.g.*, ECF No. 1 at 5 n.3, *with* Ex. A at 12.

[11] Plaintiff's suggestion that the *Ferguson* Court ignored arguments that it did not expressly address is baseless. ECF No. 1 at 5–7 n.3. The order makes clear that it considered every brief filed on Arbitration Claimants' behalf, as well as each of the "several status letters" that Plaintiff's counsel submitted. 2021 WL 3667979, at *2, *5 n.1. "[T]here is no requirement for a court to specifically address each and every argument raised by a party in papers filed with the Court." *Miller* v. *Metro. Life Ins. Co.*, 2018 WL 5993477, at *5 n.5 (S.D.N.Y. Nov. 15, 2018).

plaintiffs, *not* DST, moved to certify the class. And the Second Circuit resolved that Arbitration Claimants' claims are not arbitrable in *Cooper*—in which DST was not even a party.

Plaintiff also misstates the outcomes of *DuCharme* and *Parrott* and their bearing on class certification. The *Ferguson* court's decision is not inconsistent with this Court's decision in *DuCharme* v. *DST Systems, Inc.*, 2017 WL 7795123 (W.D. Mo. June 23, 2017), which, contrary to Plaintiff's assertions, did not compel arbitration but instead dismissed the case because the plaintiff was subject to DST's Arbitration Agreement and had thus "waived his right to act in a representative capacity on behalf of the class." *Id.* at *1. Unlike in *DuCharme*, which pre-dated *Cooper*, the *Ferguson* plaintiffs had opted out of the arbitration program. In fact, in *DuCharme*, DST acknowledged that non-signatories to the agreement, like the *Ferguson* Plaintiffs, could bring a federal court action on behalf of the entire plan. *See DuCharme* v. *DST Systems, Inc.*, No. 4:17-cv-00022-BCW (W.D. Mo.), ECF No. 55 at 51; ECF No. 59 at 10. And *Parrott* v. *DST Systems, Inc.*, No. 4:21-MC-09012-NKL (W.D. Mo. Apr. 5, 2021), did not consider an arbitrability dispute. The Court granted an *unopposed* motion to confirm an attorney's fee award. Ex. F at 1–2.

*Fourth*, Plaintiff wrongly reproaches the Southern District of New York for "ignor[ing]" that DST purportedly "agreed" to arbitrate these claims. ECF No. 1 at 6 n.3. DST did not consent to arbitrability. The "Joint Submission to Arbitration" that Plaintiff touts does not consent to arbitration and, indeed, contains an express reservation of rights by DST of "all arguments and defenses in connection with the Demand." ECF No. 1-8. In fact, DST objected to proceeding in arbitration while the Second Circuit resolved arbitrability in *Cooper*. Ex. G. And before any arbitration hearings began, DST requested that the Southern District of New York—and dozens of arbitrators—stay the arbitrations until class certification was resolved. DST also litigated the issue of arbitrability in the Southern District of New York for over a year. Plaintiff's counsel, however,

opposed these applications, insisting on proceeding in arbitration despite considerable doubt as to whether their clients' claims were arbitrable or would form part of a mandatory class.

### C. The Court Should Transfer This Action to the Southern District of New York

Absent dismissal, the Court should transfer this action to the Southern District of New York so that it may be resolved consistent with that Court's oversight of the mandatory class proceedings and the interests of all parties, including over 9,000 other class members.

A district court may transfer a civil action to any other appropriate district court "[f]or the convenience of parties and witnesses" and "in the interest of justice." 28 U.S.C. § 1404(a). Venue is proper in the transferee court if the action "might have been brought" there. *Id.* The FAA's venue provisions are permissive and permit a motion to confirm in any district proper under the general venue statute. *Cortez Byrd Chips, Inc.* v. *Bill Harbert Const. Co.*, 529 U.S. 193, 195 (2000). In turn, venue is proper under the general venue statute in any district where a "substantial part of the events or omissions giving rise to the claim[s] occurred." 28 U.S.C. § 1391(b)(2). Here, a substantial part of the events giving rise to these claims occurred in the Southern District of New York. Ruane, the investment manager with sole discretionary authority for managing the profit-sharing portion ("PSP") of the Plan, managed the PSP from its headquarters and principal place of business in New York, New York. In fact, Plaintiff's counsel previously brought an action in the Southern District of New York involving these same claims and conceded that venue properly lies in that court. Ex. H ¶ 21. Accordingly, this action may properly be transferred to that forum.

Courts regularly transfer cases, including motions to confirm arbitration awards, where, as here, transfer would preserve judicial resources, avoid unnecessary waste, and prevent inconsistent rulings. The Supreme Court has held that "[t]o permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that § 1404(a) was designed to prevent." *Cont'l Grain*

*Co.* v. *Barge FBL-585*, 364 U.S. 19, 26 (1960).[12]  This action should thus be transferred.

Plaintiff's argument that the Arbitration Agreement's forum-selection clause counsels against transfer is incorrect.  The Agreement's forum provision is *permissive* and provides that: "DST or the Associate ***may*** file a legal action . . . in the federal district court with jurisdiction over the county in which the hearing was held."  ECF No. 1-2 (emphasis added); *BancorpSouth Bank* v. *Hazelwood Logistics Ctr., LLC*, 706 F.3d 888, 896 (8th Cir. 2013) (a forum selection clause that uses the word "may" instead of "must" is "permissive, not mandatory").  A permissive forum-selection provision does not alter the traditional transfer analysis and, for the reasons discussed above, transfer to the class court plainly is warranted.  *See Perficient, Inc.* v. *Priore*, 2016 WL 866090, at *4 (E.D. Mo. Mar. 7, 2016) (transferring case and recognizing that a "traditional § 1404(a) analysis" applies where a forum-selection provision is permissive); *Hynes Aviation Indus., Inc.* v. *Sacramento E.D.M., Inc.*, 2013 WL 12198837, at *4 (W.D. Mo. Aug. 1, 2013).

**D.      This Court Has Authority to Stay This Action Pending the Outcome of the *Ferguson* Mandatory Class Action**

The Court also can stay this action pending the resolution of *Ferguson* to avoid the risk of the very inconsistent outcomes that warranted mandatory class certification in that case.  A stay is particularly necessary while the *Ferguson* court considers whether Plaintiff and other Arbitration Claimants should be enjoined from prosecuting parallel litigation.

"A district court has broad discretion to stay proceedings when appropriate to control its docket."  *Sierra Club* v. *U.S. Army Corps of Eng'rs*, 446 F.3d 808, 816 (8th Cir. 2006).  Further,

---

[12]    *See also Hoban* v. *FDA*, 2018 WL 3122341, at *3 (D. Minn. June 26, 2018) (absent transfer, multiple judges would improperly "consider the same questions, review the same record, read the same briefs, and write opinions resolving the same issues") (citation omitted); *U.S. Ship Mgmt., Inc.* v. *Maersk Line, Ltd.*, 357 F. Supp. 2d 924, 938 (E.D. Va. 2005) (transferring motion to confirm arbitration award "so that all aspects to this dispute may be resolved in a single forum"); *Evans* v. *J.P. Morgan Chase Bank, N.A.*, 2014 WL 12600285, at *1 (W.D. Mo. Feb. 12, 2014) (transferring second-filed ERISA action "[t]o conserve judicial resources and avoid conflicting rulings" where the first-filed action was "a putative class action that could subsume Plaintiffs and their claims").

this Court has the power to stay this action "pending resolution of independent proceedings which bear upon the case." *Burford* v. *Monsanto Co.*, 2016 WL 3878469, at \*3 (E.D. Mo. July 18, 2016). In determining whether to stay proceedings, courts in this district weigh three factors: "whether the non-moving party faces any potential prejudice, the hardship and inequity to the moving party if the action is not stayed, and whether a stay might preserve judicial resources." *Thompson* v. *Rally House of Kansas City, Inc.*, 2016 WL 9023433, at \*4 (W.D. Mo. Jan. 25, 2016).

Each of the relevant factors counsels in favor of a stay pending resolution of the *Ferguson* action. *First*, a stay will not cause Plaintiff any prejudice; the claims she has pursued in arbitration belong to the Plan, and her interests are adequately represented by the *Ferguson* plaintiffs. 2021 WL 3667979, at \*6–7. *Second*, if the action is not stayed, DST may face inconsistent outcomes, and there is significant risk that other class members will be prejudiced. *Id.* at \*7; *see also Woodworth* v. *Tyson Foods, Inc.*, 2007 WL 9717848, at \*1 (W.D. Mo. May 10, 2007) (finding stay warranted where defendant would otherwise have "to litigate and potentially relitigate the many pretrial issues"). *Third*, a stay preserves judicial resources—the many confirmation actions (173 thus far) that Plaintiff's counsel have filed in this Court raise the same issues that are in front of the *Ferguson* court and that the *Ferguson* court already has considered.

## II. The Award Should Be Vacated Because ERISA § 502(a) Claims Cannot Be Brought in Individual Arbitrations

As discussed above, the Court should decline Plaintiff's invitation to interfere with class proceedings by permitting Plaintiff to relitigate issues resolved against her in *Ferguson*. It is clear, however, that the arbitration award runs afoul of basic ERISA law and cannot be confirmed. Both the *Ferguson* court and the Second Circuit squarely have found that the claims brought by Plaintiff are not arbitrable. The Second Circuit likewise recognized in *Cooper* that an arbitration award procured in violation of ERISA's representative requirement should not be enforced.

It is undisputed that Plaintiff sought in arbitration to recover individual damages based on Ruane's and DST's alleged breaches of fiduciary duty under ERISA.  But the Supreme Court has made clear that ERISA § 502(a)(2) "does not provide a remedy for individual injuries distinct from plan injuries." *LaRue*, 552 U.S. at 256; *see also* 29 U.S.C. § 1109(a) (providing that "a fiduciary **with respect to a plan** who breaches any of" his fiduciary duties "shall be personally liable to make good **to such plan** any losses **to the plan** resulting from each such breach") (emphases added); *Braden* v. *Wal-Mart Stores, Inc.*, 588 F.3d 585, 593 (8th Cir. 2009) ("It is well settled, moreover, that suit under § 1132(a)(2) is 'brought in a representative capacity on behalf of the plan as a whole' and that remedies under § 1109 'protect the entire plan.'") (citation omitted).

Accordingly, it is a "widely-accepted tenet of ERISA law" that "recovery under ERISA § 502(a)(2) [is] recognized to be on behalf of a plan—individuals [can]not recover for their own losses." *Jones*, 257 F.R.D. at 190 (quoting *Kanawi*, 254 F.R.D. at 108–09).  The Second Circuit has recognized in accordance with this fundamental principle that ERISA's plain terms provide "that a plaintiff suing for breach of fiduciary duty under § 502(a)(2) may seek recovery only for injury done **to the wronged plan**," *Cooper*, 990 F.3d at 180 (emphasis added), and that such actions must thus be brought in a representative capacity with sufficient procedural safeguards to "ensure that any 'recovery inures to the benefit of the **plan as a whole**,'" *id.* at 184 (emphasis added) (quoting *Coan*, 457 F.3d at 261).  The Second Circuit and the Southern District of New York also have analyzed DST's Arbitration Agreement and determined that the fiduciary duty claims at issue here do not fall within its scope.  *Ferguson*, 2021 WL 3667979, at *3–4.

The ERISA statute and the authorities interpreting it make clear that ERISA fiduciary duty claims like Plaintiff's must be pursued in a representative capacity on behalf of a plan. Arbitration

awards granting individual damages in such suits thus contravene public policy.[13] The Eighth Circuit has held that an arbitration award should not be enforced where, as here, it contravenes "public policy that is 'well defined and dominant, and . . . ascertained 'by reference to the laws and legal precedents.''" *Iowa Elec. Light & Power Co.* v. *Loc. Union 204 of Int'l Brotherhood of Elec. Workers (AFL-CIO)*, 834 F.2d 1424, 1427 (8th Cir. 1987) (citations omitted).

Further, arbitration awards should be vacated "where the arbitrators exceeded their powers." 9 U.S.C. § 10(a)(4). Two courts—*Cooper* and *Ferguson*—now have held that the claims asserted by Plaintiff are not arbitrable. It is axiomatic that where claims are not arbitrable, arbitrators exceed their powers by issuing decisions with respect to those claims. *See Solvay Pharms., Inc.* v. *Duramed Pharms., Inc.*, 442 F.3d 471, 476–78 (6th Cir. 2006) (recognizing that "arbitrators may exceed their powers . . . by engaging in an inquiry that was not properly arbitrable"); *Int'l Brotherhood of Elec. Workers, Loc. Union No. 545* v. *Hope Elec. Corp.*, 380 F.3d 1084, 1096–97, 1101–03 (8th Cir. 2004) (recognizing that party's claims that arbitrators exceeded their powers were based on party's challenge to arbitrators' substantive jurisdiction to decide issues the party asserted were not arbitrable); *De Beers Centenary AG* v. *Hasson*, 751 F. Supp. 2d 1297, 1302–03 (S.D. Fla. 2010) (vacating arbitration award because arbitrator exceeded his authority by issuing award with respect to claims that were not subject to arbitration).

Contrary to Plaintiff's arguments, and as discussed above, *see supra* at 13–14, judicial estoppel has no application where the facts and law have changed. *See Baouch* v. *Werner Enters.*,

---

[13] Plaintiff relies on inapposite authorities to argue that her claims are arbitrable. Plaintiff's cases do not involve the individual arbitration of ERISA claims that may be pursued only on a plan-wide basis in a representative capacity. The claims subject to arbitration in *Bird* v. *Shearson Lehman / American Express, Inc.*, 926 F.2d 116 (2d Cir. 1991), and *Arnulfo P. Sulit, Inc.* v. *Dean Witter Reynolds, Inc.*, 847 F.2d 475 (1988), were between the plan and its broker. Neither court addressed a plan participant's ability to individually arbitrate ERISA fiduciary duty claims. And the unpublished decision in *Dorman* v. *Charles Schwab Corp.*, 780 F. App'x 510 (9th Cir. 2019), relies on an interpretation of *LaRue* that this Court and the *Ferguson* court have rejected. *Compare id.* at 514, *with Jones*, 257 F.R.D. at 189–90, *and Ferguson*, 2021 WL 3667979, at *4.

908 F.3d 1107, 1113 (8th Cir. 2018) (judicial estoppel does not apply where there are "legal differences" between two cases); *Biomedical Pat. Mgmt. Corp.* v. *Cal., Dep't of Health*, 2006 WL 1530177, at *6 (N.D. Cal. June 5, 2006) (no judicial estoppel where a "change in position mirrors" a "change in the law"). Nor does *DuCharme*, which was dismissed more than four years ago, implicate the law-of-the-case doctrine. *Christianson* v. *Colt Indus. Operating Corp.*, 486 U.S. 800 (1988) (law of the case applies only to "subsequent stages *in the same case*" (emphasis added)).

## III. The Award Also Should Be Vacated Because It Was Based on an Inaccurate Representation

In the arbitration, Plaintiff's counsel sought an award of attorney's fees, out-of-pocket expenses, and statutory costs. *See* Ex. I. Counsel included in their fee application expenses and costs common to all Arbitration Claimants, which already had been requested (or awarded) in other arbitrations. *Id.* at 32 n.5, Ex. 5 at 5 n.2, 7 n.3. Counsel represented to the arbitrator—as well as to every other arbitrator from whom they requested fees—that they would not seek to recover the same costs and expenses more than once. *See id.* Based on that representation, the arbitrator awarded counsel $35,052.76 in statutory costs, as well as "non-statutory costs." ECF No. 1-1 at 2.

Plaintiff now seeks a judgment that includes costs and expenses her counsel already have recovered or specifically seek to recover in other confirmation actions. Put differently, Plaintiff asks this Court to issue a judgment that would entitle her counsel to multiple recoveries of the same costs and expenses that they represented to the arbitrator that they would not obtain. While Plaintiff's counsel represent to this Court that they "will not collect, or be entitled to collect, more than 100% of costs and expenses," ECF No. 1 at 8 n.4, that does not solve the problem. Plaintiff identifies no way in which this representation can be enforced once a judgment is entered. The award thus should not be confirmed. *See* 9 U.S.C. § 10(a)(1); *MidAmerican Energy Co.* v. *Int'l Brotherhood of Elec. Workers Loc. 499*, 345 F.3d 616, 622 (8th Cir. 2003).

**CONCLUSION**

This Court should dismiss this action or, in the alternative, transfer it to the Southern District of New York or stay it pending resolution of the *Ferguson* class action. If the Court reaches the merits of Plaintiff's motion, the arbitration award should be vacated.

Dated: November 16, 2021
Kansas City, Missouri

Respectfully submitted,

SHOOK, HARDY & BACON L.L.P.


By: _Robert T. Adams_

Robert T. Adams, MO 34612
Ann M. Songer, MO 42813
Michael S. Cargnel, MO 52631
Megan M. Egli, MO 60187
Richard S. Shearer, MO 59571
2555 Grand Boulevard
Kansas City, Missouri 64108
Telephone: (816) 474-6550
Facsimile: (816) 421-5547
Emails: rtadams@shb.com
        asonger@shb.com
        mcargnel@shb.com
        megli@shb.com
        rshearer@shb.com


*Counsel for Defendant DST Systems, Inc.*